UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
MONTAMER CORPORATION,
:
                  Plaintiff,      :    Case No. 07 Civ 6531 (SCR) (LMS)

:    ECF
   - against -
:    **ANSWER, AFFIRMATIVE DEFENSES &
    COUNTERCLAIMS**
HARTFORD INSURANCE COMPANY OF  :
THE MIDWEST,
:
                  Defendant.
:
------------------------------------------------------------ x

    Defendant Hartford Insurance Company of the Midwest ("Hartford"), by its attorneys Robinson & Cole LLP, as and for its Answer and Counterclaims against the plaintiff Montamer Corporation ("Montamer") alleges as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

    2.    Admits the allegations contained in paragraph 2.

    3.    Denies the allegations contained in paragraph 3, except admits that Hartford issued to Montamer insurance policy 01 SBA AJ5654.

    4.    Denies the allegations contained in paragraph 4, except admits that a fire occurred at Montamer's property on March 25, 2006.

    5.    Denies the allegations contained in paragraph 5.

    6.    Denies the allegations contained in paragraph 6.

    7.    Denies the allegations contained in paragraph 7.

8. Denies the allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9.

### AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

10. Montamer fails to state a claim upon which relief can be granted.

### AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

11. Montamer's claim is barred by a variety of equitable doctrines, including unclean hands, laches and estoppel.

### AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

12. Any damages sustained by Montamer were caused by the culpable conduct of Montamer.

### AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

13. Hartford has fully performed any and all of its obligations.

### AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

14. Montamer is not entitled to relief that attempts to avoid the application or enforcement of any term, provision, condition, and exclusion of limitation contained in the applicable insurance policy.

### AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

15. The Policy provides in pertinent part:

**FRAUD**

**We do not provide coverage for any insured ("insured") who has made**

Case 7:07-cv-06531-KMK-LMS   Document 4   Filed 07/24/2007   Page 3 of 8

**fraudulent statements or engaged in fraudulent conduct in connection with any loss ("loss") or damage for which coverage is sought under this policy.**

The Policy also provides:

**EXCLUSIONS**

    **2.    We will not pay for physical loss or physical damage caused by or resulting from:**

    **e.    Dishonesty: Dishonest or criminal act by you, and of your partners, "members", officers, "managers" employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose.**

## COUNTERCLAIMS

Hartford issued insurance policy 01 SBA AJ5654 (the "Policy") to Montamer for the period from December 1, 2005 through December 1, 2006. Attached as **Exhibit A** is a true and correct copy of the Policy.

16.    Subject to all of its terms and conditions, the Policy provided certain building and business property coverage for the premise known as 110 Brenner Drive, Congers, New York 10920 (the "Premises").

17.    Montamer, founded in 1993 by Rako Picuric and his wife, is a supplier of steel balls, bearings and related materials.

18.    Beginning in or about late 2005 and continuing through the beginning of 2006, Montamer experienced a substantial slow down in business, due in part, to reduced business from its largest customers.

3

19. As a result of Montamer's substantial slow down in business, Montamer requested that its insurance coverage be reduced to reduce the premiums on its policies. Additionally, Mr. Picuric sold the Premises and Montamer began packaging its inventory in preparation of its move to a smaller location.

20. While packaging its inventory in anticipation of the upcoming relocation, Mr. Picuric observed that a significant amount of inventory had rusted, and as a result, could no longer be sold.

21. As a result, on March 20, 2006, Mr. Picuric contacted Montamer's insurance agent, CLG Financial, by telephone, and spoke to Ms. Susan Bell. During this conversation, Mr. Picuric indicated that in the course of packaging Montamer's inventory for the upcoming move he had noticed that a significant amount of inventory had rusted. Mr. Picuric opined that the damage was likely caused by condensation dripping from pipes onto the inventory over a period of time. He inquired whether such damage would be covered under the Policy, and if so, he wished to file a claim on behalf of Montamer. During this conversation Ms. Bell informed Mr. Picuric that if he filed a claim it might not be covered as the loss was neither sudden nor accidental.

22. In response, Mr. Picuric inquired as to what circumstances rust would be covered under the Policy. Ms. Bell informed him that the damage would have had to result from a sudden incident, such as a fire or a burst water pipe.

23. On March 25, 2006, five days after Mr. Picuric spoke to Montamer's insurance agent, a fire occurred at the Premises. The fire occurred at approximately 5:15 p.m. and Mr. Picuric was the building's only occupant.

24. Shortly after the fire, Montamer presented a claim to Hartford for damage allegedly sustained during the fire. Included in Montamer's claim were damages for inventory that had rusted. Montamer claims that the rust occurred as a direct result of the water used by the fire department to extinguish the fire.

25. In a letter dated July 3, 2007, Hartford notified Montamer that it was disclaiming insurance coverage for fraud. Attached as **Exhibit B** is a copy of the disclaimer letter.

26. The Policy provides in pertinent part:

**FRAUD**

**We do not provide coverage for any insured ("insured") who has made fraudulent statements or engaged in fraudulent conduct in connection with any loss ("loss") or damage for which coverage is sought under this policy.**

27. The Policy also provides:

**EXCLUSIONS**

    2. **We will not pay for physical loss or physical damage caused by or resulting from:**

    e. **Dishonesty: Dishonest or criminal act by you, and of your partners, "members", officers, "managers" employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose.**

28. Based upon the foregoing language, there is no coverage for the claim presented by Montamer.

## DEFENDANT'S FIRST COUNTERCLAIM

29. Hartford repeats and realleges the allegations contained in paragraphs 15 through 28 as though fully set forth at length herein.

30. Under the language of the Policy as stated above, Montamer has engaged in fraudulent conduct and/or dishonest and/or criminal acts by intentionally and deliberately causing the Fire and providing false information with respect to its claim.

31. As a result, Hartford is not obligated to make payment under the Policy for the claim presented by Montamer.

## DEFENDANT'S SECOND COUNTERCLAIM

32. Hartford repeats and realleges the allegations contained in paragraphs 15 through 28 as though fully set forth at length herein.

33. The damage for which Montamer seeks payment is not covered under the Policy because the damage was not fortuitous.

34. As a result, Hartford is not obligated to make payment under the Policy for the claim presented by Montamer.

## CLAIM FOR JURY

35. Defendant/Counterclaim Plaintiff hereby claims all issues so triable to be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Hartford prays for judgment in its favor and against Montamer as follows:

    A.    Declaring that Hartford holds no obligation to pay policy proceeds to Montamer for the claim presented under the Policy for damage to the Premises that allegedly took place on March 25, 2006.

    B.    Awarding the costs and disbursements of this action; and

    C.    Such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       July 20, 2007

                              ROBINSON & COLE LLP

                              By _____
                              Gerald P. Dwyer, Jr. (GD-0329)
                              Richard J. Guida (RG-5147)
                              ROBINSON & COLE LLP
                              885 Third Avenue, 28th Floor
                              New York, NY  10022
                              Tel. No.: (212) 451-2900
                              Fax No.: (212) 451-2999

                              *Attorneys for Defendant*
                              *Hartford Insurance Company of the*
                              *Midwest*

To:    Joseph P. Rones, Esq.
        Finkelstein & Partners
        Attorneys for Plaintiff
        436 Robinson Avenue
        Newburgh, New York 12550
        Tel. No.: (800) 634-1212, ext. 2512
        Fax No.: (845) 567-9996

## CERTIFICATE OF SERVICE

    I, Richard J. Guida, hereby certify that on this 20th day of July, 2007, a true copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES & COUNTERCLAIMS OF HARTFORD INSURANCE COMPANY OF THE MIDWEST was served via e-mail and regular mail, postage pre-paid upon the following:

Joseph P. Rones, Esq.
Finkelstein & Partners
Attorneys for Plaintiff
436 Robinson Avenue
Newburgh, New York 12550
Tel. No.: (800) 634-1212, ext. 2512
Fax No.: (845) 567-9996

                                                  _____
                                                  Richard J. Guida