UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MONTAMER CORPORATION,                          :

                Plaintiff,              :      Case No. 07 Civ 6531 (SCR) (LMS)

        -against-                         :      ECF

HARTFORD INSURANCE COMPANY OF      :
THE MIDWEST,
                                     :

                Defendant.
------------------------------------------------------------- x

# EXHIBIT B



# THE HARTFORD

*Mike Spetz*
*353 Jonestown Rd., #295*
*Winston Salem, NC 27104*
*Telephone: 877-230-3084*
*Ext. 61210*
*FAX: 860-947-3819*
*michael.spetz@thehartford.com*

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**AND REGULAR MAIL**

July 3, 2007

Mr. Ratko Picuric
Montamer Corporation
110 Brenner Drive
Congers, New York 10920

      Re:    **Insured: Montamer Corporation**
                **Date of Loss: 03/25/2006**
                **Policy Number: 01 SBA AJ5654 ("the Policy")**
                **Claim Number: YPW KF 18472**

Dear Mr. Picuric:

Hartford Insurance Company of the Midwest ("Hartford") regrets to inform you that the claim reported under Policy Number 01 SBA AJ5654 ("the Policy") for loss or damage from a fire on March 25, 2006 at 110 Brenner Drive, Congers, NY 10920 is not covered under the Policy, and that Hartford plans to commence a legal action seeking a judicial declaration that the Policy provides no coverage for the claim. A copy of the complaint is attached at **Exhibit A**.

Based on the your reporting of the claim, the documents you submitted, and your testimony given on September 7, 2006 and December 19, 2006, the circumstances of the claim are as follows. A fire occurred on March 25, 2006 at 110 Brenner Drive, Congers, NY 10920. At the time of the fire, you were moving your business to a new location and

in the process of repacking your products, balls, tripods, etc.. While you were repacking, you were using an electric heater in the immediate area in which you were working. At some point, you left the area where you were repacking for a short time, and when you returned, the pallets of product that you were repacking were on fire. You reported that this fire resulted from the electric heater being to close to the combustible materials. The fire caused the sprinklers to go off in building which resulted in a discharge of water onto your products. In addition, you also put additional water on your products with a garden hose, and additional water was put onto the products by the suppression efforts by the fire department. You reported that the water caused your products to rust and, because of the rust, you could no longer sell your product and the product needed to be replaced.

In the course of Hartford's investigation, the following facts surfaced. On March 20, 2006, five (5) days before the fire, you contacted the CLG Financial/PHS insurance agency via telephone and spoke to Ms. Susan Bell. You indicated to Ms. Bell during that phone call that in the course of moving you noticed that there was damage to your inventory from rust. You indicated to Ms. Bell that you felt this was caused from condensation of the pipes in the building and that over a period of time this condensation dripped onto your inventory and caused the rust. You asked Ms. Bell if this would be covered by your insurance policy. Ms. Bell reports that she explained that a loss must be sudden and accidental and that if it occurred over a period of time, then it might not be covered. You then asked her how it would be covered. She advised you that the damage would need to be caused by something sudden and accidental like a fire or a burst water pipe. She then told you if you wanted to file a claim to call The Hartford Service Center.

Your coverage was subject to a NEW YORK CHANGES - FRAUD endorsement SS 01 93 09 95 which states:

### FRAUD

We do not provide coverage for any insured ("insured") who has made fraudulent statements or engaged in fraudulent conduct in connection with any loss ("loss") or damage for which coverage is sought under this policy.

In addition, the Policy also provides:

### EXCLUSIONS

We will not pay for physical loss or physical damage caused by or resulting from:

    e.    Dishonesty: Dishonest or criminal act by you, and of your partners, "members", officers, "managers" employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose

In addition, applicable law requires that for coverage to apply insurance claims must result from fortuitous events, and that non-fortuitous losses are not covered.

As a result of the investigation, the language of the Policy and applicable law, Hartford hereby denies your claim in its entirety.

This letter and prior communications from Hartford is and were based on Hartford's existing understanding of the claim and investigation to date. This letter and any prior communication are not intended to be and should not be construed as, a complete or exhaustive statement of the provisions of the Policy that may apply to, or affect the scope and availability of coverage under the Policy for, the claimed loss. The scope and availability of coverage under the Policy is based on the complete text of the policy and complete investigation of the claim.

Any specific references in this letter or in prior communications to certain provisions in the policy are not intended to be and should not be construed as, a limitation or restriction on the applicability of different provisions in the policy, or on Hartford's ability to rely on an enforce any provision in the Policy. Hartford specifically reserves the right to rely on and enforce every provision in the Policy, including with limitation provisions that have not been specifically referred to in this letter or in prior communications.

Hartford continues to reserve all of its rights and defenses afforded under the Policy and applicable law, including but not limited to, those identified in this letter and in prior communications by Hartford. This letter and any prior communications were not, were not intended to be, and shall not be construed as, a waiver or relinquishment of any rights or defenses.

New York insurance regulations require us to advise you that in the event you wish to contest this denial in litigation, the policy requires you to commence such action within two years of the reported date of loss.

Additionally, should you wish to take this matter up with the New York State Insurance Department, you may write to or visit the Consumer Services Bureau, New York State Insurance Department at 25 Beaver Street, New York, New York 1004-2319;

or Agency Building One, Empire State Plaza, Albany, New York 12257; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, New York 14202.

Very truly yours,

*Michael A. Spetz*
Michael A. Spetz
Senior General Adjuster

cc:  Joseph P. Rones, Esq.
     CLG Financial/PHS