*[handwritten: See new ¶ 17, p. 7]* *[handwritten: Smith, M.J]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
MONTAMER CORPORATION,
:    Case No. 07 Civ 6531 (SCR) (LMS)
               Plaintiff,
:    ECF
   - against -
:    **PARTIES' JOINT PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

HARTFORD INSURANCE COMPANY OF
THE MIDWEST,
:
               Defendant.
:
------------------------------------------------------------- x

    The parties to this action, by their counsel, hereby stipulate and agree as follows:

    WHEREAS, a party may contend that certain information to be provided during discovery in this action may be, in whole or in part, confidential business information, confidential financial information, proprietary information, trade secrets or other proprietary or confidential information ("Confidential Information"); and

    WHEREAS, the parties wish to provide a mechanism for determination of whether such information should be treated as confidential in this action;

    WHEREFORE, it is hereby stipulated and agreed by the parties and Ordered by the Court that:

    1.    A party may designate as confidential any document or discovery response provided in response to another party's discovery requests or to an order of the Court as the party deems in good faith to be confidential. Any information so designated shall bear the label

HART1-1460109-1

**PARTIES STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT**

See new ¶ 17, p. 7

Smith, M.J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                         :
MONTAMER CORPORATION,                                    :
                                                         :  Case No. 07 Civ 6531 (SCR) (LMS)
                              Plaintiff,                 :
                                                         :  ECF
            - against -                                  :
                                                         :  **PARTIES' JOINT PROTECTIVE ORDER
                                                         :  AND CONFIDENTIALITY AGREEMENT**
HARTFORD INSURANCE COMPANY OF                            :
THE MIDWEST,                                             :
                                                         :
                              Defendant.                 :
                                                         :
-------------------------------------------------------- x

The parties to this action, by their counsel, hereby stipulate and agree as follows:

WHEREAS, a party may contend that certain information to be provided during discovery in this action may be, in whole or in part, confidential business information, confidential financial information, proprietary information, trade secrets or other proprietary or confidential information ("Confidential Information"); and

WHEREAS, the parties wish to provide a mechanism for determination of whether such information should be treated as confidential in this action;

WHEREFORE, it is hereby stipulated and agreed by the parties and Ordered by the Court that:

1.  A party may designate as confidential any document or discovery response provided in response to another party's discovery requests or to an order of the Court as the party deems in good faith to be confidential. Any information so designated shall bear the label

HART1-1460109-1

**PARTIES STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT**

"CONFIDENTIAL INFORMATION," or similar designation. Any testimony so designated shall be identified pursuant to paragraph 7 below.

2. Confidential Information shall be used solely in the litigation of this action and any appeals of decisions rendered in this action. For purposes of this Stipulation and Order, Confidential Information shall mean only confidential business information, confidential settlement agreements and related information, confidential financial information, proprietary information and trade secrets; provided, however, Confidential Information shall not include any documentation or information which is or was, at any time, required by governmental authority or otherwise available in the public domain. To the extent that a document contains both confidential and non-confidential information, that portion of the document containing non-confidential information shall not be subject to this Stipulation and Order provided that the confidential portion is redacted and clearly marked as such.

3. The parties to this action agree that Confidential Information may only be used in the litigation of the instant case, and for no other purposes.

4. Unless otherwise agreed in writing and signed by the parties, or by order of Court, Confidential Information shall be disclosed only, to the extent they require access to such Confidential Information, to:

    a. counsel for the parties, including in-house counsel;

    b. persons who have prepared or assisted in the preparation of such documents or to whom such documents or copies thereof were addressed or delivered;

    c. officers, directors, claims personnel, employees, or former employees of the parties who are making decisions with respect to preparation for and trial of this litigation, who are actively engaged in connection with making

2

**PARTIES STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT**

      decisions with respect to preparation for and trial of this litigation, or who are assisting in the preparation of this matter for trial;

d.   court personnel and/or court reporters who are actively engaged in connection with the preparation for trial of this action;

e.   to the extent deemed necessary by counsel or the party's representatives, independent experts and consultants and their employees or clerical assistants who are employed, retained or otherwise consulted by counsel of record or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in any way in the litigation of this action, provided that such individuals have agreed to be bound by this Stipulation and Order and signed an agreement in the form of Appendix A hereto;

f.   to the extent deemed necessary by counsel, witnesses whose testimony relates to Confidential Information and who are deemed necessary to give testimony in this litigation by deposition or at trial, provided that such witnesses have agreed to be bound by this Stipulation and Order and signed an agreement in the form of Appendix A hereto;

g.   a party's outside or in-house auditors, including auditors' officers, directors, employees, agents or counsel, provided that they have agreed to be bound by this Stipulation and Order and signed an agreement in the form of Appendix A hereto;

h.   document handling or photocopying companies retained by any party or counsel; and

3

**PARTIES STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

    i. any person who otherwise would be entitled to review said Confidential Information as a result of contractual obligations such as agreements with insurers, reinsurers or retrocessionaries, pursuant to local, state, federal or other laws, or pursuant to court order, provided that they have agreed to be bound by this Stipulation and Order and signed an agreement in the form of Appendix A hereto.

 5. No party receiving information or documents designated as Confidential Information shall disclose or disseminate such information to any person other than those specified in paragraph 4. In no event shall any disclosure or dissemination of Confidential Information under paragraph 4 serve to waive the confidential status of the protected documents.

 6. If counsel shall hereafter desire to give, show, make available or communicate Confidential Information in any way to any persons other than those referred to in paragraph 4 above, counsel shall provide written notification to counsel for the party who produced the information designated Confidential Information thirty days in advance of the proposed use or disclosure. Such written notification shall include a description of the proposed use or disclosure, shall specify the name, occupation and address of the person to whom disclosure is proposed, and shall provide a description of the documents or other information to be used or disclosed.

 In the event that the party who produced the Confidential Information objects to its disclosure to a person not designated under paragraph 4, the objecting party shall, within 10 days of receipt of the written notification, notify the opposing counsel in writing of such objection and the grounds therefore. If the objection cannot be resolved on an informal basis, the party seeking disclosure shall promptly submit the matter to the Court for ruling. There shall be no disclosure

4

**PARTIES STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT**

until a resolution of the dispute is obtained, either on an informal basis or by a ruling of the Court.

7.  If the party seeking to disclose or disseminate Confidential Information to a person not designated under paragraph 4 over objection of another party submits the matter to the Court for a ruling, the party who wishes to disseminate such information shall be required to prove to the Court that:

    a.  the material to be disclosed or disseminated does not contain Confidential Information; and,

    b.  the disclosure or dissemination of information designated confidential would not adversely affect any legal position, competitive position or business operation of the party objecting to disclosure or dissemination.

8.  Information designated Confidential Information may be referred to in the course of depositions, or made exhibits to depositions, provided that the deponent, all counsel, and other persons present at the deposition, or who review the transcript thereof, shall be bound by the terms of this Stipulation and Order. If a person present at a deposition is not a person designated under paragraph 4, that person must agree to be bound by this Stipulation and Order and sign an agreement in the form of Appendix A hereto. That portion of any deposition in which Confidential Information is referred to or used shall be so identified as Confidential Information either on the record at the time of the testimony or within ten (10) days after the deposition transcript is delivered together with the confidential exhibits to the depositions, and shall remain confidential until trial or unless otherwise ordered by the Court. Until the ten (10) day period referenced in this paragraph has ended, deposition transcripts and exhibits shall be treated as Confidential Information.

**PARTIES STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT**

9. Information designated as Confidential Information contained in documents and discovery responses or deposition testimony may be referred to in briefs, memoranda, appendices or exhibits filed with the Court in this action, provided that the party seeking to make use of any briefs, memoranda, appendices or exhibits which contain Confidential Information shall seek leave of court to file same under seal. If leave is granted, the materials shall be placed in a sealed envelope and shall bear the following statement:

> CONFIDENTIAL INFORMATION - Subject to Stipulation and Order Regarding Confidential Information in MONTAMER CORPORATION v. HARTFORD INSURANCE COMPANY OF THE MIDWEST, No. 07 Civ 6531 (SCR) (LMS), United States District Court, Southern District of New York

Such information shall remain under seal until trial or unless otherwise ordered by the Court. If leave is denied, the obligations of this paragraph shall not apply.

10. This Stipulation and Order shall not apply to any document, or to information contained therein, that is or was available publicly or that is a matter of public record on file with any court or governmental or regulatory agency or board, or that is or becomes available to a party by any lawful and unrestricted means.

11. This Stipulation and Order shall be without prejudice to the right of any party to contest the confidential or privileged status of any information disclosed in this litigation.

12. Inadvertent production of a document otherwise subject to protection under the attorney-client privilege or the attorney work product doctrine shall not be deemed a waiver of said privilege. Any party who contends that such a document was inadvertently produced shall notify the other parties within ten days of its discovery of such inadvertent production. All copies of the inadvertently produced document shall be promptly returned to the producing party,

6

**PARTIES STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

unless the party to which the document was inadvertently produced moves within 10 days from receipt of notification to compel production of such document on the ground that the document is properly subject to production. However, the moving party may not rely upon the inadvertent production of the document to claim waiver of the asserted privilege. No such documents shall be copied or distributed until resolution of the privilege issue by the Court.

13. The production of a document that a party believes to fall within any privilege or immunity shall not constitute a categorical waiver of such privilege or immunity. For purposes of and in this litigation, the non-producing party shall not assert that such production constitutes a waiver of such privilege or immunity with respect to any other information.

14. Within ninety (90) days after the conclusion of this action, by dismissal, final judgment, disposition of appeal, settlement or final resolution of all matters relating to this action, whichever is later, all Confidential Information produced in this litigation shall, upon demand, be returned to counsel for the party that originally produced it. Alternatively, if agreed by the producing party, such Confidential Information may be destroyed by counsel for the receiving party on the condition that counsel for the receiving party provide written confirmation of its destruction to the producing party. The provisions of this Stipulation and Order shall survive the conclusion of this litigation.

15. This Stipulation and Order may be modified only by written agreement of the parties or by order of the Court.

16. This Stipulation and Order may be executed in any number of counterparts each of which shall be deemed to be an original and all of which shall constitute one and the same agreement.

17. This Order is subject to the provisions of Standing Order M-10-468, filed 10/5/01, a copy of which is attached hereto.

We, the undersigned, hereby consent to the terms of the above Stipulation and Order.

7

**PARTIES STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT**

Dated this _____ day of March, 2008.


PLAINTIFF,

MONTAMER CORP.

*/s/ Eleanor L. Polimeni*
Eleanor L. Polimeni, Esq.
Finkelstein & Partners
Attorneys for Plaintiff
436 Robinson Avenue
Newburgh, New York 12550


ATTORNEYS FOR DEFENDANT
HARTFORD FIRE INSURANCE COMPANY

By: */s/ Shawna H. Kohl*   4-04-08
Gerald P. Dwyer, Jr. (GD-0329)
Shawna H. Kohl (SK-1146)
ROBINSON & COLE LLP
Attorneys for Defendant
885 Third Avenue
Suite 2800
New York, New York 10022
Telephone: 212-451-2900
Facsimile: 212-451-2999


SO ORDERED: */s/ Lisa M. Smith*
HONORABLE LISA M. SMITH, U.S. MAGISTRATE

Dated: 4-4-08

8

PARTIES STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT

## Appendix A

I, _____, hereby acknowledge that I have received a copy of the Stipulation and Order Regarding Confidential Information ("Stipulation and Order") entered in MONTAMER CORPORATION v. HARTFORD INSURANCE COMPANY OF THE MIDWEST, No. 07 Civ 6531 (SCR) (LMS), United States District Court, Southern District of New York. I have read the Stipulation and Order and agree to be bound by all of the provisions of the Stipulation and Order. I also agree to be subject to the jurisdiction of the United States District Court: Southern District of New York for purposes of enforcing this agreement and the Stipulation and Order.


Dated: _____

_____

## CERTIFICATE OF SERVICE

I, Shawna Harrison Kohl, hereby certify that on this 4th day of April, 2008, I served a true copy of the foregoing via electronic mail, facsimile and regular mail, postage pre-paid, upon the following:

Eleanor L. Polimeni, Esq.
Finkelstein & Partners
Attorneys for Plaintiff
436 Robinson Avenue
Newburgh, New York 12550

*Attorneys for Plaintiff*

Shawna Harrison Kohl (SK-1146)

OCT-10-2001 11:41     CLERK SDNY                          212 805 0389   P.01/01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
IN THE MATTER OF RETENTION OF       :
SEALED DOCUMENTS IN CIVIL CASES     :      STANDING ORDER
                                    :      M-10-468
                                    :
                                    :
------------------------------------X

FILED OCT 0 5 2001 S.D. OF N.Y.

MICHAEL B. MUKASEY, CHIEF JUDGE:

    Any protective order in any civil case that provides for the filing of information under seal shall include the following provision:

    "Sealed records which have been filed with the clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the clerk that, should they fail to remove the sealed records within thirty (30) days, the clerk may dispose of them."

    This order will be self-executing, in that the Clerk will treat all protective orders that direct the sealing of documents in civil cases as if they contain the above provision.

SO ORDERED:

Dated:  New York, New York
       October 5, 2001

Michael B. Mukasey
U.S. District Judge