# ROBINSON & COLE LLP

SHAWNA HARRISON KOHL

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
skohl@rc.com
Direct (860) 275-8374

May 28, 2008

Judge Kenneth Karas
U.S. District Court, Southern District
U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:    Montamer Corporation v. Hartford Insurance Co.
       07-CIV-6531 (KMK)(LMS)

Honorable Sir:

In accordance with your April 30, 2008 order, defendant submits this letter as notice that it objects to the filing of the amended complaint provided by the plaintiff on May 13, 2008.

As you are aware, this is an insurance coverage dispute. The plaintiff in this case claims that Hartford owes it proceeds from an insurance policy issued to the plaintiff by the defendant. Hartford, on the other hand, has denied coverage based on the fraudulent conduct of the plaintiff and has, accordingly, brought a counterclaim in fraud.

As of this writing, paper discovery has been exchanged and no depositions have yet been conducted. The original action, however, was filed in June 2007, over eleven months ago, and the plaintiff has had ample time to amend its complaint in the last eleven months. Furthermore, nothing new has been revealed in this case during these eleven months that would warrant the plaintiff's delay in amending the complaint.

Federal Rules of Civil Procedure 15 (a) provides, in relevant part, that leave to amend a pleading should be freely granted when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *Aniero Concrete Co. v. New York City Constr. Auth.*, 94 Civ. 9111 (CSH), 1998 U.S. Dist. LEXIS 3938, 1998 WL 148324 at *7 (S.D.N.Y. Mar. 30, 1998), *aff'd sub nom.*



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK

ALBANY

SARASOTA

*www.rc.com*

# ROBINSON & COLE LLP

Judge Kenneth Karas
May 28, 2008
Page 2

"[T]he text of the rule makes it clear that permission to amend is not to be given automatically but is allowed "only when justice so requires." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1487. In this case, justice does not require the court to grant leave to amend.

"[T]he Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, **or** (4) would be futile." *Lee v. Regal Cruises, Ltd.*, 916 F. Supp. 300, 303 (S.D.N.Y. 1996) (emphasis added), *aff'd,* 116 F.3d 465 (2d Cir. 1997); *see Montefiore Med. Ctr. v. Am. Prot. Ins. Co.,* 00 Civ. 3235 (LTS), 2003 U.S. Dist. LEXIS 7986, 2003 WL 21108261 at *1 (S.D.N.Y. May 14, 2003). Here, (1) the amendment has been unduly delayed; and (2) Hartford is prejudiced. Accordingly, this Court should deny the plaintiff's request to amend.

The plaintiff's request to amend has been unduly delayed because it has come almost one year after the initial complaint was filed. This amendment is not the result of new information coming to light. No new facts have been revealed since early on in the case. Furthermore, in its letter to the court for leave to amend, the plaintiff does not provide any excuse for its delay. In fact, this late request for amendment is demonstrative of a pattern of dilatory tactics by the plaintiff, which when juxtaposed against the responsiveness of Hartford is inexcusable. Hartford removed the case to federal court and filed its answer, affirmative defenses, and counterclaims on July 20, 2007. Plaintiff answered Hartford's counterclaims on October 31, 2007. Hartford immediately provided its Rule 26(a) disclosures and served plaintiff with interrogatories and request for production. Plaintiff, on the other hand, did not provide its Rule 26(a)(1) disclosures until February 11, 2008. It was not until February 14, 2008, that the plaintiff served its interrogatories and request for production on Hartford. Although none of these disclosures or requests was late, the totality of plaintiff's actions displays a pattern of delay toward the resolution of this case.

Furthermore, this undue delay has caused prejudice to Hartford. "In determining what constitutes 'prejudice,' [the Court] consider[s] whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff

# ROBINSON & COLE LLP

Judge Kenneth Karas
May 28, 2008
Page 3

from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. N.Y. 1993) (Citations omitted). The longer the period of unexplained delay, the lesser the showing of prejudice required of the nonmoving party. *Evans v. Syracuse City School District,* 704 F.2d 44, 47 (2d Cir. 1983). Here, the amended complaint was filed almost twelve months after the initial complaint was filed. The amended complaint adds an additional two and one half pages of facts to support the addition of bad faith and consequential damages to the already existing breach of contract claim. These two and one half pages of facts are nothing new to the plaintiff in this case and contain information the plaintiff has had at its fingertips since well before June of last year. Since the complaint was filed in June of last year, Hartford has prepared its theory of the case, served interrogatories, served document requests, and is now preparing for the depositions, which need to be completed by the end of July.

Hartford has relied upon the original complaint, as it has remained unchanged for eleven months, and such reliance has prejudiced Hartford because this pleading has shaped the scope of discovery. "The . . . court . . . has authority to confine discovery to the claims and defenses asserted in the pleadings, and . . . the parties . . . have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes to 2000 Amendments. "[T]he Court should determine the scope "according to the reasonable needs of the action, . . . depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." *Dunkin' Donuts Franchised Rests., LLC v. 1700 Church Ave. Corp.*, 2008 U.S. Dist. LEXIS 33457, 3-4 (E.D.N.Y. Apr. 23, 2008) (Citations omitted). Here, Hartford's approach to the case and discovery has been dictated by the complaint. Furthermore, the plaintiff has allowed this case to languish since June of 2007. As such, Hartford has been prejudiced.

Even if this court finds that there has been no prejudice, it should still deny the plaintiff's request to amend because of plaintiff's undue delay in filing the request to amend. A finding of prejudice is not required in all circumstances. *See Concerned Citizens for Neighborhood Schs. v. Pastel*, 2007 U.S. Dist. LEXIS 30067 (N.D.N.Y Apr. 24, 2007) (Court denied plaintiff's request to amend even though no evidence of prejudice existed). Accordingly, Hartford

# ROBINSON & COLE LLP

Judge Kenneth Karas
May 28, 2008
Page 4


respectfully requests this court to deny the plaintiff's request to revise its complaint at this time.

     Thank you for your consideration in this matter.

             Sincerely,


             /s/
             Shawna Harrison Kohl