Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Joel S. Finkelstein, P.C (NY, NJ, MA & FL)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY & FL)
Steven Lim (NY)
George A. Kohl, II (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)
Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright (NY)
Kenneth B. Fromson (NY, NJ & PA)

Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Terry D. Horner (NY)
Robert F. Moson (NY)
Julio E. Urrutia (NY)

Debra J. Reisenman (NY)

Michael T. McGarry (NY)
Steven P. Shultz (NY & MA)
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)

Edward M. Steves (NY)
Marie M. DuSault (NY)
Glenn W. Kelleher (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)
Of Counsel
Steven G. Davis (NY & PA)
Michael Feldman (NY & NJ)
Michael Finkelstein (NY)

Cynthia M. Maurer (NY & NJ)
Raye D. Futorias (NJ)
Kenneth Cohen (NJ)
Joel A. Reback (NY & Israel)
Linda Armatti-Epstein (NY)
John F. Dowd (NY & CT)
David Akerib (NY)
Frances M. Bova (NY & NJ)
Mark B. Hudoba (NY)
Kenneth G. Bartlett (CT & NJ)
Gustavo W. Alzugaray (NY & NJ)
Sharon A. Scanlan (NY & CT)
Robert E. Borrero (NY)
Marc S. Becker (NY)
Ernest S. Buonocore (NY)
Ari Kresch (NY & MI)
Jeffrey A. Brown, M.D. (NY & NJ)
Dennis G. Ellis (NY)
Gail Koff, P.C. (NY)
Joel Bossom (NY)
Eric L. Horn (NY, CT & MA)

# Finkelstein & Partners LLP
## THE INJURY ATTORNEYS™

REFER TO OUR FILE #: 88711

June 3, 2008

Honorable Kenneth M. Karas
U.S. District Court, Southern District
U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

RE:   Montamer Corporation v. Hartford Insurance Co.
      07-CIV-6531 (SCR) (LMS)

**MEMO ENDORSED**

Honorable Sir:

   It was with some consternation that I read defendant's submission in opposition to Plaintiff's request to amend its complaint. This is the first time we were apprised that defendant feels itself compromised by plaintiff's allegedly "dilatory" conduct. In fact, it should be noted that Mr. Picuric appeared on behalf of the plaintiff at Examinations Under Oath on two separate occasions, September 7, 2006 and December 19, 2006, where he was questioned at length concerning the matters at issue herein prior to the commencement of the suit. On, December 14, 2006, prior to the second of these examinations, virtually ALL of the documents relative to this claim were produced by plaintiff. These documents were marked for identification at the examination, and Mr. Picuric duly questioned thereon. Under cover letter dated March 31, 2008, a request for additional documents was made by the defendant which documents were expeditiously forwarded on April 15, 2008, some two weeks from the date of the request. Thus, defense counsel's claims of delay and/or prejudice are hollow.

   Regarding the depositions, to my knowledge, the parties have been amicably working to arrive at mutually convenient dates. In that regard, we were informed by defendant that representatives of CLG (plaintiff's insurance agent) would appear voluntarily without the need for subpoenas and we were advised that the only obstacle to scheduling the depositions was the fact that CLG's principal was out of the country through May 30, 2008. The parties have scheduled a conference call on June 4, 2008 to firm up the deposition schedule. We were targeting the first weeks of June, which is well within the deadline for the completion of party depositions.

   The proposed amendment deals solely with the measure of damages. As previously noted, the plaintiff was forced to close its doors during the pendency of the action. The demise of plaintiff's

Newburgh • Albany • Binghamton • Kingston • Middletown • Monroe • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy

X   436 ROBINSON AVENUE
    NEWBURGH, NY 12550
Phone: (845) 562-0203    Fax: (845) 562-3492    www.lawampm.com    101 WHITNEY AVENUE
                                                                    NEW HAVEN, CT 06510

*Please Send All Correspondence to the Address Indicated Above*

Hon. Kenneth M. Karas
June 3, 2008
Page 2.

business resulting from the denial of its insurance claim was and is a logical result of defendant's conduct. Support for the addition of the claim for consequential damages is found in the recent New York Court of Appeals cases Bi-Economy Market vs. Harleysville Ins., 10 N.Y.3d 187 (2008) and Panasia Estates vs. Hudson Ins. Co., 10 N.Y.3d 200 (2008). Since the voluminous document production that has already occurred bears equally on the existing damage claim as well as the claim for consequential damages, it is difficult to see how the defendant is "prejudiced" by the proposed amendment. In fact, concrete examples of prejudice are conspicuous by their absence. In short, since depositions have not yet been held and since defendant has possessed virtually all relevant documents since long before the action was commenced, it cannot seriously be contended that the proposed amendment would require the defendant to expend significant additional resources to conduct discovery or to alter its theory of the case, or that the defendant is in any way prejudiced.

The primary case relied on by defendant Concerned Citizens for Neighborhood Schs. vs. Pastel is by no means similar and involves a party's disregard of a conference order requiring that an amended summons and complaint be served on or before a date certain. Defendant can point to no such similar conduct here. The bottom line is that the law strongly favors both decision on the merits and leave to amend. Despite over two pages of argument, defendant fails to rebut these long-standing rules of law. As has been held in a multitude of cases going back many years, including Roloff vs. Arabian American Oil Co., 421 F.2d 240 (2nd Cir. N.Y. 1970), leave to amend is "freely given"; strong liberality in allowing amendments is favored in recognition of the basic principle that controversies should be decided on the merits. United States vs. New York, 82 F.R.D. 2 (N.D.N.Y. 1978).

We respectfully request that plaintiff be permitted to amend its complaint at this juncture.

Thank you for your consideration in this matter.

Very truly yours,

FINKELSTEIN & PARTNERS, LLP

ELEANOR L. POLIMENI, ESQ.

cc: Robinson & Cole LLP

*[Handwritten annotation:]* The Court will hold a conference on July 2, 2008, at 3:00 to address Plaintiff's request to amend the complaint. So ordered. 6/24/08