UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MONTAMER CORPORATION,

                       Plaintiff,

                                                       AMENDED
-vs-                                                    COMPLAINT

HARTFORD INSURANCE COMPANY OF          07 CIV 6531-KMK
THE MIDWEST,

                       Defendant.
-----------------------------------------------------------x

      Plaintiff MONTAMER CORPORATION by and through its attorneys as and for its Complaint against HARTFORD INSURANCE COMPANY OF THE MIDWEST alleges and states as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1. Plaintiff is a domestic corporation with its principal office at 14 Hillside Avenue, West Nyack, New York 10994.

2. Defendant is foreign property and casualty insurance company whose principal office is Hartford Plaza, Hartford, Connecticut 06115, and it is authorized to do business in the State of New York.

3. In consideration of the premium paid to it by the plaintiff, the defendant made and executed its policy of fire insurance.

4. On or about March 25, 2006, within the period covered by the policy of fire insurance, the property of the plaintiff was damaged by a fire and resultant discharge of water from the fire suppression system in the building occupied by the plaintiff and by the fire department hosing the entire property with water to extinguish the fire.

5. The fire and resultant discharge of water as aforesaid, did not occur from any of the causes excepted in the said policy of fire insurance.

6. The loss and damage sustained by the plaintiff due to the casualty as aforesaid is $694,256.51, pursuant to the plaintiff's proof of loss sworn to May 9, 2006 which included plaintiff's claim for lost business income for six months from the date of the fire.

7. No part of the aforesaid loss and damage has been paid by the defendant, although the same has been duly demanded, except for an initial payment of $17,060.00 plus credit for a $1,000.00 deductible as set forth in the said policy of insurance leaving a balance due plaintiff of $676,196.51.

8. In addition to the foregoing, due to defendant's refusal to timely pay for the loss as aforesaid, the plaintiff has sustained additional loss of business income at the estimated rate of $25,000.00 per month from September 26, 2006 throughout the period of restoration, that is through March 25, 2007.

9. The plaintiff has performed all of the conditions of the policy.

10. In gross disregard of the plaintiff's interest, the defendant unilaterally breached the covenant of good faith and fair dealing implied in the contract by deliberately, negligently and wrongfully mishandling plaintiff's claim, and deliberately, negligently and wrongfully delaying its payment of plaintiff's claims for coverage for business income and property losses.

11. As a result of defendant's breaches of its obligations under the policy, plaintiff has suffered direct damages on its business interruption claim as aforesaid.

12. Further, defendant's deliberate and unreasonable delay and failure to provide plaintiff with sufficient funds in a timely manner due under the policy deprived plaintiff of the means to rebuild its business and resume operations.

13. Defendant breached its obligations under the policy by deliberate, grossly negligent and wrongful claims handling, by refusing to pay for the entire loss of business income and by refusing to pay monies owed on the property damage claims to plaintiff in a timely manner despite repeated requests, and by refusing to negotiate in good faith to resolve the property loss and business interruption claims.

14. As a consequence of defendant's refusal to honor its contractual obligations, and its breach of the covenant of good faith and fair dealing, plaintiff was caused cease his business operation, and the company's owners have been deprived of the profits and income they would have otherwise enjoyed from their business continuing into many future years.

15. Defendant and plaintiff both understood and contemplated at the time this policy issued, that a breach by defendant of its obligation to pay covered property losses and business interruption losses within a reasonable time would put plaintiff in a position of having to cease operation of the business, which in fact has occurred.

16. As a result of the defendant's breaches under the policy by deliberately, negligently and wrongfully mishandling plaintiff's loss claims, and by its deliberate delay in resolving and paying plaintiff's claims, plaintiff has suffered consequential damages arising from the complete demise of its business operation in an amount to be proved at trial.

17. The complete demise of business operation was a direct and foreseeable consequence of

defendant's wrongful conduct in that such wrongful conduct by the defendant could cause the entire ruination of the business was reasonably foreseeable and contemplated by the parties at the time of contract under the subject insurance policy.

18. The very purpose of business interruption coverage as afforded under the policy would make defendant aware that if they breached the policy, they would be liable to plaintiff's owners for the loss of their business as a consequence of defendant's breaches, and further, that it would be reasonable for plaintiff's owners to assume in the first instance when he purchased the policy that defendant would meet its contractual obligation not to conduct its claims handling practices in such a way as to exacerbate and cause plaintiff's misfortune to expand as result in the complete demise of this business.

19. Accordingly, plaintiff is entitled to an award against defendant of compensatory, direct and consequential damages in such amounts as established by the evidence, and additional is entitled to post-judgment interest, costs and such other and further relief as may be just.

WHEREFORE, plaintiff requests judgment against defendant in the sum of $676,196.51, and the additional lost business income as set forth above, and compensatory, direct and consequential damages in amounts established by the evidence, plus interest, costs and disbursements, together with such other and further relief as the court deems just and proper.

Dated: April 15, 2008.

JOSEPH P. RONES
FINKELSTEIN & PARTNERS, LLP
Attorneys for Plaintiff
436 Robinson Avenue
Newburgh, N.Y. 12550
(845) 562-0203

VERIFICATION

STATE OF NEW YORK )
                  )ss.:
COUNTY OF ORANGE  )

    I am the President of the plaintiff corporation in the above entitled action, I have read the foregoing Amended Complaint, know the contents thereof and the same are true to my knowledge.

_____
RATKO PICURIC

Sworn to before me this
_11th_ day of April, 2008

_Eleanor R. Polimeni_
**ELEANOR L. POLIMENI**
**Notary Public, State of New York**
**Qualified in Westchester County**
**Commission Expires December 31, 2009**

CERTIFICATE OF SERVICE

I, Eleanor L. Polimeni, an attorney at law of the State of New York admitted to practice in the State and Federal Courts of the State of New York, hereby certifies under penalty of perjury, that on July 18, 2008, I caused a copy of the Amended Complaint to be served by depositing same in a depository of the United States Postal Service via first class delivery upon:

>Robinson & Cole LLP
>885 Third Avenue, 28th Floor
>New York, N.Y. 10022

_____
ELEANOR L. POLIMENI, ESQ.